IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**THE ESTATE OF BEVERLY B.,[1]**

      Plaintiff,

      v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

      Defendant.

**Civ. No. 3:19-cv-01351-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Beverly B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and disabled widow's benefits ("DWB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff had acquired transferable skills in previous work. Because Plaintiff forfeited this argument, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and DWB on January 19, 2011, alleging disability since July 1, 2002. Tr. 163-64, 166.[2] Her claim was denied initially and upon reconsideration. Tr. 103, 108,

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

118, 122. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared before the Honorable Rudolph Murgo on October 16, 2012, with a supplemental hearing on October 24, 2012.[3] Tr. 2164, 2189. The ALJ issued a "partially favorable" decision, finding Plaintiff was not disabled prior to January 2, 2012, but became disabled on that date and was disabled until her death on March 29, 2012. Tr. 95; *see* Tr. 170. To be eligible for DIB, Plaintiff must have become disabled by September 30, 2008, the date she was last insured. Tr. 21, 32. To be eligible for DWB, Plaintiff must have become disabled by January 31, 2012. Tr. 85-86. The ALJ noted that Plaintiff's disability did not extend through the five full month waiting period under 20 CFR §§ 404.315(a)(4) and 404.335(c)(2). Tr. 96.

Plaintiff sought review from the Appeals Council. Tr. 140. The Appeals Council remanded the case on September 30, 2016, stating that because the file was incomplete, the Appeals Council could not act on the request for review. Tr. 145, 143. A supplemental hearing was held before ALJ Murgo on December 4, 2017. Tr. 2215. The ALJ issued another "partially favorable" decision; this time finding Plaintiff was not disabled until January 12, 2012. Tr. 30, 31. Again, the ALJ noted that Plaintiff's disability did not meet the waiting period. *Id*.

Plaintiff again sought review from the Appeals Council. Tr. 2161. Plaintiff's request for review was denied on July 19, 2019, rendering the ALJ's decision final. Tr. 7. Plaintiff now seeks judicial review of the ALJ's decision. Plaintiff was 50 years old at the time of her alleged disability onset. Tr. 32. Plaintiff was 56 years old on the date last insured. *Id*. Plaintiff completed one year of college and previously worked as a customer service representative. Tr. 183. Plaintiff

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record, ECF No. 14, provided by the Commissioner.
[3] Plaintiff passed away before the hearing and a substitute party appeared at all hearings in this case.

alleges disability due to spinal stenosis, fibromyalgia, degenerative disc disease, osteoarthritis, diabetes, hypertension, sleep apnea, and vision disorder. Tr. 188.

## **STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that

the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Because Plaintiff stipulates to the ALJ's findings at steps one through four, the issue remaining is whether the ALJ's step five findings were supported by substantial evidence. Pl.'s Opening Brief 4, ECF No. 15. Here, the ALJ found that Plaintiff "acquired work skills from past relevant work." Tr. 28. The ALJ relied on vocational expert ("VE") testimony about Plaintiff's previous work as an administrative clerk, which "included transferable skills." *Id.* The ALJ then found that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." *Id.* These jobs included appointment clerk, receptionist, and data entry clerk. Tr. 29. ALJ Murgo noted that "[s]uch work required very little vocational adjustment in terms of tools, work processes, work settings or the industry." *Id.* Accordingly, the ALJ found Plaintiff to be non-disabled prior to January 12, 2012. *Id.*

Plaintiff's sole argument rests on whether the ALJ made sufficient findings regarding Plaintiff's transferable skills. Even when an ALJ relies on the testimony of a vocational expert, the ALJ must still make specific findings that the plaintiff has transferable skills. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Although the ALJ made an explicit finding that Plaintiff had transferable work skills, based on the testimony of two VEs, Plaintiff argues that the ALJ erred by not listing the specific skills. Indeed, SSR 82-41 requires that "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be

cited in the… ALJ's decision." SSR 82-41, 1982 WL 31389. Defendant argues that Plaintiff forfeited this argument by failing to take issue with the VE testimony regarding Plaintiff's transferable skills during the administrative proceedings.

Claimants who dispute the factual basis of a vocational expert's testimony must raise this challenge in the administrative proceedings. *Shaibi v. Berryhill*, F.3d 1102, 1103 (9th Cir. 2017). During the administrative hearing in *Shaibi*, the VE gave three representative occupations. *Id*. at 1104. The VE testified that those occupations existed in significant numbers in both the regional and national economies, giving numbers for each. *Id*. "Although [Shaibi's attorney] cross-examined the VE briefly, he did not suggest the VE's job estimates were inaccurate, nor did he inquire as to the evidentiary basis for those job numbers." *Id*. Shaibi was found to be non-disabled and appealed the decision in the District Court. There, for the first time, Shaibi argued that the ALJ erred in crediting the VE's testimony regarding the number of existing jobs in the national economy, citing discrepancies between the VE testimony and job estimates published by the U.S. Census Bureau and the Bureau of Labor Statistics. *Id*. at 1105. The Ninth Circuit held that Shaibi had forfeited his challenge to the VE's job numbers because he had failed to raise the issue during the administrative hearing. *Id*. at 1108-09. "'[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.'" *Id*. at 1109 (quoting *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999)).

Plaintiff argues that the recent Ninth Circuit decision in *Maxwell v. Saul* overrules *Shaibi*. *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020). The issue in *Maxwell* was whether two occupations constituted a significant range of work. *Id*. at 1129. The vocational expert testified

that Maxwell's skills were transferable to only two occupations; as a sales representative for commercial equipment and as a sales person for burial needs. *Id*. The ALJ found that this represented a "significant range of work." *Id*. On appeal, Maxwell argued that two occupations were not sufficient to satisfy the "significant range of work" requirement. *Id*. The Ninth Circuit held that Maxwell had not forfeited the issue, reasoning that to find otherwise would be "task[ing] claimants with objecting to the ALJ's decision before it is written." *Id*. at 1130.

*Maxwell* does not apply here. In *Maxwell*, the plaintiff objected to the ALJ's finding, but did not dispute the underlying factual basis for the conclusion. Here, as in *Shaibi*, Plaintiff objects to the facts underlying the ALJ's finding.

ALJ Murgo took testimony from two vocational experts, at hearings on October 24, 2012 and December 4, 2017. Tr. 2174-87, 2221-26. At each hearing, counsel for Plaintiff was present and had the opportunity to cross-examine the VE. *Id*. At the October 24, 2012 hearing, Plaintiff's counsel questioned the VE regarding the details of Plaintiff's past work experience as well as the requirements for computer use and acuity in hypothetical jobs. Tr. 2179, 2184-87. Counsel did not, however, take issue with the VE's testimony that "[t]here would be transferable skills to sedentary." Tr. 2181. Counsel was also given the opportunity to cross-examine the VE at the December 4, 2017 supplemental hearing and had "[n]o questions for the vocational expert." Tr. 2226. If Plaintiff believed that the VE's testimony regarding transferable skills was wrong, counsel should have raised the issue during the administrative proceedings. By failing to do so, Plaintiff forfeited it on appeal. *Cf. Shaibi*, 883 F.3d at 1110 ("Shaibi did not even obliquely suggest that the VE's job estimates might be unreliable at any point during the administrative proceedings. His claim is therefore forfeited.").

Even if Plaintiff had not forfeited the argument, the ALJ made an explicit finding that Plaintiff had transferable skills, as required by *Bray*. This finding was supported by substantial evidence. The VE looked at Plaintiff's past work as an administrative clerk and testified that "[t]here would be transferable skills to sedentary" work. Tr. 2180-81. The VE also testified that there would not have been any vocational adjustment required for a receptionist, one of the representative occupations. Tr. 2183-84. SSR 82-41 also supports the finding that Plaintiff had transferable skills. SSR 82-41 specifically references the clerical skills of an administrative clerk that "may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance-auditing control clerk." SSR 82-41 further notes that job skills in clerical and administrative types of jobs "have universal applicability across industry lines." To the extent the ALJ erred by failing to explicitly list transferable skills, such error was harmless.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 15th day of February 2021.

s/  Michael J. McShane
Michael J. McShane
United States District Judge